IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

SARAH VESTAL                                                                          PLAINTIFF

v.                                     Case No. 4:25-cv-00194-KGB

SCOTT BESSENT, Secretary of the United
States Treasury, in his official capacity only, and
SCOTT KUPOR, Director of the United States
Office of Personnel Management, in his official
capacity only                                                                        DEFENDANT

**ORDER**

Before the Court is the motion to dismiss plaintiff Sarah Vestal's complaint for failure to

state a claim, lack of subject matter jurisdiction, and failure to exhaust administrative remedies

filed by defendant Scott Kupor, Director of the United States Office of Personnel Management

("OPM")[1] (Dkt. No. 14). Vestal filed a response opposing OPM's motion to dismiss and cross-

moving to amend her complaint (Dkt. No. 17). OPM replied in support of its motion to dismiss

(Dkt. No. 18). For the following reasons, the Court grants Vestal's cross motion to amend her

complaint and denies OPM's motion to dismiss (Dkt. Nos. 14; 17).

**I.      Background**

The Court draws the following facts from Vestal's complaint and from the exhibit to

OPM's brief regarding the motion to dismiss which is the United States Equal Employment

Opportunity Commission ("EEOC") Agency Decision dated January 17, 2025 (Dkt. Nos. 1; 15).

At this stage of litigation, the Court takes facts as alleged in the complaint as true.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of Court is directed to substitute Scott Kupor for named defendant Charles Ezell (*See* Dkt. No. 14, at 1 n.2).

Vestal filed her complaint on March 4, 2025 (Dkt. No. 1).  In her complaint, Vestal seeks enforcement of orders of the EEOC against the United States Internal Revenue Service ("IRS") and OPM pursuant to 29 C.F.R. §§ 1614.407(c), 1614.503(g), 5 U.S.C. § 701, *et seq.*, and 28 U.S.C. § 1361 (Dkt. No. 1, ¶ 1).  Vestal has since voluntarily dismissed claims against Scott Bessent, Secretary of the United States Treasury (Dkt. No. 13), and the Court adopted Vestal's voluntary dismissal of claims against Bessent (Dkt. No. 20).  OPM has moved to dismiss Vestal's claims against it for failure to state a claim, lack of jurisdiction, and failure to exhaust administrative remedies (Dkt. No. 14, ¶ 3).

Vestal, a certified public accountant, worked for the IRS in 2016 (Dkt. Nos. 1, ¶ 5; 17, at 2).  Vestal asserts that she took appeals on March 29, 2019, and September 25, 2019, with the EEOC from the final decisions dated February 25, 2019, and August 22, 2019, regarding Vestal's equal employment opportunity ("EEO") complaints alleging employment discrimination (Dkt. No. 1, ¶ 8).  Vestal asserts that the EEOC modified the IRS final decisions and entered an order requiring action (*Id.*, ¶¶ 9–10).  According to Vestal, the IRS took no action to comply with the orders of the EEOC within 90 days (*Id.*, ¶ 11).

Vestal filed an EEOC complaint against OPM for allowing a noncompliant healthcare policy and for denial of healthcare benefits on May 23, 2016 (Dkt. No. 15-1, at 4–5).  Vestal received a final agency decision ("first final agency decision") on October 19, 2018 (Dkt. No. 1, ¶ 12).  Vestal filed an appeal with the EEOC on November 26, 2018, from OPM's October 19, 2018, final decision concerning her EEO complaint alleging employment discrimination (*Id.*, ¶ 12).  On January 17, 2025, the EEOC vacated the first final agency decision and remanded for further proceedings, including a supplemental investigation within 90 days (Dkt. Nos. 1, ¶¶ 13–14; 15-1, at 1, 17).  Upon completion of the supplemental investigation, OPM is required to provide Vestal

with the supplemental records and findings (Dkt. No. 15-1, at 13). Within 30 days of completion of the supplemental investigation, OPM "shall issue a new final decision (FAD), including the appropriate appeal rights" (*Id.*).

Vestal asserts that OPM had taken no action to comply with the orders of the EEOC within 90 days (Dkt. No. 1, ¶ 15). Vestal seeks in her complaint for this Court to require OPM to comply with the EEOC's order (*Id.*, ¶ 32).

OPM contends that, at the time of the filing, OPM had not concluded its supplemental investigation because its time for compliance with the EEOC remand order had not yet run, and thus, OPM had not yet provided Vestal with its results.

## II.    Legal Standard

### A.    Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a district court to dismiss a complaint for lack of subject matter jurisdiction. The burden of proving subject matter jurisdiction falls on the plaintiff. *V S Ltd. P'ship v. Dep't of Housing & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000). For a court to dismiss a claim under Rule 12(b)(1), the opposing party must successfully challenge the claim on its face or the factual truthfulness of its averments. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). A facial attack restricts a court to review the face of the pleadings to determine whether the plaintiff has alleged a basis of subject matter jurisdiction. *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990).

Facial attacks under Rule 12(b)(1) are subject to the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003). Factual attacks, however, challenge the existence of subject matter jurisdiction in

fact, irrespective of the pleadings, and matters outside the pleadings—such as testimony and affidavits—are considered. *Osborn*, 918 F.2d at 729.

### B.    Rule 12(b)(6)

A Federal Rule of Civil Procedure 12(b)(6) motion tests the legal sufficiency of the claim or claims stated in the complaint. *See Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although a complaint "does not need detailed factual allegations" to survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Stated differently, the allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

A court considering a motion to dismiss must accept as true all well-pleaded facts in the complaint and draw all reasonable inferences from those facts in favor of the non-moving party. *See Farm Credit*, 734 F.3d 800, 804 (8th Cir. 2013); *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005); *Abels v. Farmers Commodities Corp*, 259 F.3d 910, 914 (8th Cir. 2001). However, a court need not credit conclusory allegations or "naked assertion[s] devoid of further factual enhancement." *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768 (8th Cir. 2012) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678).

Finally, a court ruling on a motion to dismiss under Rule 12(b)(6) may consider documents or exhibits attached to a complaint, as well as matters of public and administrative record

referenced in the complaint.  *See Owen v. Gen. Motors Corp.*, 533 F.3d 913, 918 (8th Cir. 2008); *Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1244 (8th Cir. 2006) (per curiam).  "[D]ocuments necessarily embraced by the complaint are not matters outside the pleading."  *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (citing *Enervations, Inc. v. Minn. Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004)).  "Documents necessarily embraced by the pleadings include 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.'"  *Ashanti*, 666 F.3d at 1151 (quoting *Kushner v. Beverly Enterprises, Inc.*, 317 F.3d 820, 831 (8th Cir. 2003)).

## II.      Discussion

Vestal brings this action to enforce orders of the EEOC (Dkt. No. 1, ¶ 1).  OPM moves to dismiss Vestal's claim (Dkt. No. 14).  OPM asserts this Court lacks subject matter jurisdiction over Vestal's claim because the claim was filed prematurely and, therefore, is not ripe (*Id.*, ¶ 3).  OPM also argues that Vestal's claim fails to meet the Rule 8(a)(2) pleading standard and should be dismissed for failure to state a claim under Rule 12(b)(6) (*Id.*).  In addition, OPM argues that Vestal failed to exhaust her administrative remedies (*Id.*).  The Court examines each of OPM's arguments.

Vestal's first final agency decision was vacated and remanded for a supplemental investigation on January 17, 2025.  OPM had 90 days to complete the supplemental investigation, making the deadline April 17, 2025, and to issue a new final agency decision with appropriate appeal rights within 30 days of the conclusion of the supplemental investigation, making the deadline May 17, 2025.  Vestal filed suit on March 4, 2025, for enforcement of the January 17, 2025, EEOC order, before the conclusion of OPM's supplemental investigation period.

### A.        Dismissal Under Rule 12(b)(6)

OPM asserts Vestal's claim should be dismissed for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) because the claim does not meet the Rule 8(a)(2) pleading standard.  OPM contends that, because Vestal did not state the compliance period start or conclusion, the "right to relief [is] sheer speculation." (Dkt. No. 15, at 5).  Vestal asserts that dates are not necessary to a determination of a right to relief.  The Court declines to dismiss Vestal's complaint on this basis.  Federal court requires notice pleading, and OPM has sufficient notice of the claims Vestal asserts.

### B.        Dismissal For Failure To Exhaust Administrative Remedies

OPM contends that Vestal's civil enforcement action is premature because Vestal failed to exhaust her administrative remedies; OPM asserts that Vestal did not obtain an EEOC determination of agency noncompliance prior to filing suit in federal court as OPM contends is required under the plain language of 29 C.F.R. § 1614.503(g).  Vestal contends that she "was provided with a notice that any action had to be brought within 90 days of the Order." (Dkt. No. 17, at 9).

### 1.        Overview Of EEOC Process

Title VII of the Civil Rights Act of 1964 prohibits employment discrimination on the basis of race, color, religion, sex, or national origin against, among others, covered federal employees. *See* 42 U.S.C. §§ 2000e–16(a); 2000e-2(a).  Before filing suit in federal court, covered federal employees, like Vestal, must pursue administrative adjudication of their claims. *See id.* §§ 2000e-5; 2000e-12; 2000e-16.  EEOC regulations provide a detailed framework for the required administrative proceedings. *Farrington v. Johnson*, 206 F. Supp. 3d 634, 640–41 (D.D.C. 2016) (citing *Scott v. Johanns*, 409 F.3d 466, 468 (D.C. Cir. 2005)).  First, the aggrieved employee must

file a complaint with the employing agency, which must conduct an investigation and, at the employee's request, refer the matter to an EEOC Administrative Judge ("AJ") for a hearing. *See* 29 C.F.R. §§ 1614.106, 1614.108–09. After the investigation is complete or, if the employee requests a hearing, after the AJ issues a decision, the employing agency must "take final action" on the complaint. *Id.* § 1614.110. If the employing agency's "final order does not fully implement the decision of the [AJ]," the employing agency must then file an appeal with the Office of Federal Operations—the EEOC's appellate arm. *See id.* §§ 1614.403, 1614.110(a). The EEOC "reviews the record, supplements it if necessary, and then issues a written decision." *Scott*, 409 F.3d at 468. As relevant here, the EEOC's decision becomes final when it denies reconsideration of its decision, triggering the employee's right to bring suit in district court. *See id.*; 29 C.F.R. §§ 1614.405, 1614.407.

### 2.    Available Administrative Remedies

The Court observes that OPM does not address whether it filed a final compliance report, or any compliance report, with the EEOC (Dkt. No. 15-1, at 14). *See* 29 C.F.R. § 1614.403(g). At the time Vestal filed her complaint, there was limited time for OPM to comply with the EEOC's remand order.

If OPM failed to comply with the EEOC's remand order, then Vestal had the right to petition the Commission for enforcement of the order (*Id.*). 29 C.F.R. § 1614.503(a). If the EEOC determines that "an agency is not complying with a prior decision, or where an agency has failed or refused to submit any required report of compliance, the Commission shall notify the complainant of the right to file a civil action for enforcement of the decision." 29 C.F.R. § 1614.503(g).

Numerous courts have held that § 1614.503(g) establishes the prerequisites for filing a civil enforcement action in federal court, with the result that a plaintiff may only file a civil enforcement action if: (1) the EEOC issues a finding of noncompliance with a prior decision, or (2) the agency has failed to submit a required report of compliance. *See Malek v. Leavitt*, 437 F.Supp.2d 517, 524 (D. Md. 2006) ("an employee may pursue an enforcement claim in federal court if the EEOC has made a prior determination that the agency is not in compliance with the EEOC's earlier Order or if the agency has failed to file a required compliance report"); *Robinson v. Geithner*, Case No. 11-913, 2012 WL 1600020, at *5 (S.D. Tex. May 7, 2012) ("Courts have found that, under 29 C.F.R. § 1614.503(g), the prerequisites to filing a suit for enforcement are that (1) the Commission has determined that an agency is not complying with a prior decision, or (2) the agency has failed or refused to submit any required report of compliance. The Court agrees.") (citations omitted); *Clemente v. Holder*, Case No. 11-897, 2011 WL 5548959, at *5 (E.D. Va. Nov. 15, 2011) ("Failure to meet either of [§ 1614.503(g)'s] prerequisites precludes a plaintiff from seeking enforcement of an OFO order in federal district court"); *Semper v. Yellen*, Case No. 22-70, 2024 WL 5416167, at *5 (D. Utah Dec. 6, 2024) ("Plaintiff's failure to receive a final decision from the EEOC regarding the IRS's noncompliance with the [Final Agency Decision] was a prerequisite to filing her claim in federal court and she therefore failed to exhaust her administrative remedies"), *report and recommendation adopted*, 2025 WL 552587 (D. Utah Feb. 19, 2025); *Tshudy v. Potter*, 350 F. Supp. 2d 901, 906 (D.N.M. 2004) ("In order for this Court to have jurisdiction over Plaintiff's enforcement action, there must have been an EEOC determination of non-compliance"); *Adcock v. Roche*, Case No. 4-208, 2006 WL 1285045, at *6 (M.D. Ga. May 5, 2006) ("As is indicated by the plain terms of subsection (g), an employee's claim for judicial enforcement is proper only where the EEOC determines that the agency is not in compliance with its previous decision, or

where the agency has failed to submit a compliance report"); *Timmons v. White*, 314 F.3d 1229, 1232 (10th Cir. 2003) (dicta) ("Obviously, if [plaintiff's] action constituted an enforcement action, the lack of an EEOC determination of non-compliance, which is a prerequisite to such a suit, would have rendered the grant of summary judgment in favor of defendant appropriate on that ground").

Here, Vestal in her response sets out facts relevant to this consideration (Dkt. No. 17, at 3). Vestal correctly asserts that she received a notice stating that she had 90 days to file an action for enforcement with the EEOC or, in the alternative, with this Court (Dkt. No. 15-1, at 16). Specifically, the notice Vestal received stated:

> If the Agency does not comply with the Commission's order, the Complainant may petition the Commission for enforcement of the order. 29 C.F.R. § 1614.503(a). The Complainant also has the right to file a civil action to enforce compliance with the Commission's order prior to or following an administrative petition for enforcement. See 29 C.F.R. 1614.407, 1614.508, and 29 C.F.R. 1614.503(g). Alternatively, the Complainant has the right to file a civil action on the underlying complaint in accordance with the paragraph below entitled "Right to File a Civil Action." 29 C.F.R. 1614.407 and 1614.408. . . .

(Dkt. No. 15-1, at 14).

Other courts have declined to decide whether an EEOC decision is required prior to filing a civil action especially when the plaintiff is in receipt of a letter that contains language like the letter Vestal received here, illustrating the lack of clarity in this area. *See, e.g., Murchison*, 466 F. App'x. at 229–30 ("The district court order also relied on its conclusion that 29 C.F.R. § 1614.503(g) sets forth two prerequisites, one of which must be met in order to file a civil action for enforcement. . . . [A]ssuming, *but without deciding*, that § 1614.503(g) sets forth prerequisites to filing a civil enforcement action, [the plaintiff] would have satisfied one of those prerequisites[.]" (emphasis added)); *Farrington*, 206 F. Supp. 3d at 641-42 (acknowledging that the text of § 1614.503(g) supports the proposition that an EEOC determination of noncompliance is a prerequisite to pursuing a civil enforcement action but nonetheless denying the agency's motion to dismiss in part

9

due to the contradictory OFO language); *Rajendran v. Wormuth*, Case No. 22-581, 2023 WL 2666695, at \*10-11 (W.D. Pa. Mar. 28, 2023) (noting that, while several courts have concluded that an EEOC determination of noncompliance is a prerequisite to bringing a civil enforcement action, there is a "lack of clarity" on the issue particularly in light of the contradictory OFO language).

From the face of her complaint, Vestal does not state that she satisfied § 1614.503(g)'s prerequisites.  Vestal does not state that she filed a petition for enforcement with the EEOC to permit the EEOC to assess agency compliance.  Vestal also does not allege that the Commission "notif[ied] [her] of the right to file a civil action for enforcement of the decision."  29 C.F.R. § 1614.503(g).

Vestal alleges that OPM has failed to comply with the order of the EEOC within 90 days (Dkt. No. 1, ¶ 15).  She recounts that OPM "has asserted as a defense that certain Executive Orders may prevent it from complying" with the order of the EEOC (*Id.*, ¶ 16).  She alleges specific arguments upon which OPM may rely for a failure to comply (*Id.*, ¶¶ 16–31).  She seeks to compel OPM "to comply with the Orders of the EEOC." (*Id.*, ¶ 32).

However, in responding to the motion to dismiss, Vestal filed a cross motion for leave to amend her complaint (*see* Dkt. No. 17, at 10).  *See Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952 (8th Cir. 2002) (determining that district court's decision to ignore plaintiff's motion to amend, grant defendant's motion to dismiss the original complaint, and deny plaintiff's motion to amend the complaint as moot was "plainly erroneous").

Under the circumstances of this case, given the limited record before the Court and based upon the Court's review of the authorities that have addressed these issues, the Court declines to dismiss Vestal's complaint on this basis but will instead permit Vestal within 21 days from the

entry of this Order to file a proper motion seeking leave to amend her complaint, with her proposed amended complaint attached as required by Rule 5.5(e) of the *Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas*, addressing these purported deficiencies.

### C.    Dismissal Under Rule 12(b)(1)

In the alternative, OPM also asserts that Vestal's claim should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) because the claim was not ripe (Dkt. No. 15, at 6).  Vestal contends that she "was provided with a notice that any action had to be brought within 90 days of the Order." (Dkt. No. 17, at 9).

Courts must dismiss Title VII actions for not timely exhausting administrative remedies under Federal Rule of Civil Procedure 12(b)(6), rather than for lack of jurisdiction under Rule 12(b)(1), because Title VII's exhaustion requirement is a mandatory processing rule, not a jurisdictional prerequisite.  *Fort Bend Cty., Texas v. Davis*, 587 U.S. 541, 550—51 (2019) ("Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts."); s*ee also Blue v. Jackson,* 860 F. Supp. 2d 67, 72–73, Case No. 10–cv–762, 2012 WL 1829036, at *4 (D.D.C. May 21, 2012) ("Federal employees may file a Title VII action in federal court only after exhausting their administrative remedies. Title VII's exhaustion requirements, however, are not jurisdictional.") (citations omitted).  Given that the issues OPM complains about are based on Vestal's alleged failure to exhaust her administrative remedies under Title VII, the Court denies OPM's motion to dismiss under Rule 12(b)(1).

### III.    Conclusion

For the foregoing reasons, the Court denies OPM's motion to dismiss (Dkt. No. 14) and grants Vestal's cross motion to amend her complaint.  Vestal has 21 days from the entry of this Order to file a proper motion seeking leave to amend her complaint, attaching her proposed amended complaint as required by Rule 5.5(e) of the *Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas* and addressing these purported deficiencies.

It is so ordered this 30th day of March, 2026.

_____
Kristine G. Baker
Chief United States District Judge